IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PLASTIPAK PACKAGING, INC.,

        Plaintiff,           ORDER

v.

        20-cv-098-wmc

PREMIUM WATERS, INC.,

        Defendant.

---

    Plaintiff Plastipak Packaging, Inc., alleges that defendant Premium Waters, Inc.'s manufacture, use and sale of plastic water bottles infringes 12 of Plastipak's utility patents. In its complaint, plaintiff asserted infringement of 206 claims, although it appears from the parties' briefing that plaintiff has reduced the number of asserted claims to 74 (according to defendant) or 71 (according to plaintiff). Before the court is defendant Premium Waters' motion to reduce the number of asserted claims to 15. In support of its motion, Premium Waters directs the court to two prior patent cases in which this court reduced the number of asserted claims from 135 to 15 across 5 patents, *see Havco Wood Prod., LLC v. Indus. Hardwood Prod., Inc.*, No. 10-CV-566-WMC, 2011 WL 5513214, at *6 (W.D. Wis. Nov. 10, 2011), and from 71 to 16 claims across 7 patents, *see Honeywell Int'l Inc. v. Research Prod. Corp.*, No. 17-CV-723-WMC, 2018 WL 9669751, at *2 (W.D. Wis. Apr. 17, 2018).

    In response, plaintiff expresses a willingness to reduce the number of claims, but contends that defendant should, in turn, be required to reduce the number of invalidity contentions -- suggesting that defendant be limited to no more than 3 invalidity theories (with each obviousness combination being a separate one). In support of this argument,

plaintiff represents that infringement is undisputed (although defendant refuses to stipulate to it), and, therefore, the real concern about complexity in this case involves defendant's numerous invalidity theories and multiple primary prior art references.[1]

On February 24, 2021, the court held a Zoom hearing on defendant's motion at which the parties appeared by counsel. As discussed on the record during the hearing, the court determined that requiring plaintiff to reduce its asserted claims to 21 -- more than the number requested by defendant and more than that set by this court in the two patent cases cited above -- was reasonable given the number of patents in suit (12), but also considering that the patents are all related and contain overlapping, if not duplicative, claims. To ensure fairness, the court similarly will require defendant to reduce the number of invalidity contentions to a total of 21, with each obviousness combination constituting a single contention, across these reduced 21 claims. As set forth below, the court also established a schedule for the various disclosures and pushed back the dispositive motion deadline to accommodate these submissions.

Accordingly, IT IS ORDERED that:

1) Defendant Premium Waters, Inc.'s motion to limit number of asserted claims (dkt. #72) is GRANTED IN PART AND DENIED IN PART as described above.

2) In light of this decision, the court sets the following deadlines:

- on or before February 26, 2021, defendant is directed to notify plaintiff of its 7 primary prior art references;

---

[1] The parties also disputed the number of primary prior art references, with plaintiff representing that defendant had disclosed 11, but defendant stating in its brief and on the record, that it is only relying on 7. As such, the court will require defendant to provide plaintiff by February 26, 2021, with the list of 7 on which it intends to rely primarily in pursuing its invalidity contentions.

- on or before March 5, 2021, plaintiff is directed to file a list of the 21 claims that it seeks to pursue in this action;

- on or before March 12, 2021, defendant is directed to file a list of the 21 *or less* invalidity contentions organized *by claim*; and

- the dispositive motion deadline is extended to March 26, 2021, with responses due April 23, 2021, and replies due May 14, 2021. The schedule, however, will not permit any further extensions absent good cause shown.

Entered this 24th day of February, 2021.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge